# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SERGIO J. CRUZ, ) | |
| ) | |
|     Petitioner/Defendant, ) | |
| ) | CIVIL NO. 09-cv-906-WDS |
| vs. ) | |
| ) | CRIMINAL NO. 03-cr-30045 |
| UNITED STATES of AMERICA , ) | |
| ) | |
|     Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On August 21, 2003, Petitioner pleaded guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 8, 2003, Petitioner was sentenced to 262 months imprisonment, 5 years supervised release, a fine of $300, and a special assessment of $100. Petitioner had a written plea agreement which provided that he waived his right to directly appeal or collaterally challenge his conviction and sentence. Accordingly, Petitioner did not appeal his conviction or sentence.

On October 27, 2009, Petitioner filed the § 2255 motion. In his § 2255 motion, Petitioner raises only one ground for relief: that his sentence should not have been enhanced for being a "career offender" under United States Sentencing Guideline § 4B1.1 because one of his prior convictions no longer qualifies as a "crime of violence" in light of the Supreme Court's decision in *Chambers*

*v. United States*, 129 S.Ct. 687 (2009).[1]  Petitioner acknowledges that his § 2255 motion would be untimely under § 2255(f)(1), but argues that his motion falls within § 2255(f)(3) which provides that the one-year period of limitations runs from " the date on which the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review."  In support of his claim that the right in *Chambers* has been made retroactive to cases on collateral review, Petitioner cites *United States v. Shipp*, 589 F.3d 1084, 1091 (10th Cir. 2009).

As noted above, Petitioner entered into a plea agreement with the Government in an attempt to benefit himself.  In exchange for the benefits he received, he waived his right to a direct appeal and to a collateral attack under § 2255.  Petitioner does not address the effect of his waiver in this § 2255 motion.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995).  A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed.  *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement

---

[1] In *Chambers* the Court was examining the language in the Armed Career Criminal Act, 18 U.S.C. § 924(e) and not the language in the sentencing guidelines relating to career offender status.  This difference, however, is inconsequential because the wording in § 4B1.2 of the sentencing guidelines concerning "crime of violence" is the same as that in § 924(e).  *United States v. Templeton*, 643 F.3d 378, 380 (7th Cir. 2008).

is enforceable, and should be treated no differently from the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon petitioner's relevant conduct. The maximum penalty for distribution of more than 1,000 kilograms or more of marijuana is life imprisonment. 21 U.S.C. § 841(b)(1)(A)(vii). The Court assumes that Petitioner would contend, though, that if the § 4B1.1 enhancement is excluded (as he argues it should be), the applicable guideline range is only 140-175 months. Because Petitioner ultimately was sentenced to 262 months imprisonment (which included the § 4B1.1 enhancement), Petitioner presumably would argue that his waiver of his § 2255 rights should not be enforced.

Accordingly, the Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record. The Government's response shall also address whether Petitioner's § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) and whether Petitioner's plea agreement - wherein Petitioner waived his right to seek relief pursuant to § 2255 - should be enforced.

**IT IS SO ORDERED.**

**DATED: April 29, 2010.**

                                                            **s/ WILLIAM D.  STIEHL**
                                                            **DISTRICT JUDGE**