# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SERGIO J. CRUZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 09-CV-906-WDS |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are petitioner Sergio J. Cruz's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and the Government's response (Doc. 10). Petitioner has replied and submitted additional case law (Docs. 2, 11, 12). At issue are: (1) whether petitioner's plea agreement waiving his right to collateral relief bars the current motion, and (2) whether petitioner's prior escape conviction is a violent felony under the Armed Career Criminal Act, in light of the Supreme Court decision *Chambers v. United States*, 555 U.S. 122 (2009).

## BACKGROUND

Pursuant to a plea agreement and stipulations of fact, petitioner pleaded guilty to one count of conspiracy to distribute marijuana under 21 U.S.C. §§ 841(a)(1) and 846 (Doc. 122, 03-CR-30045-WDS). Petitioner's sentence was enhanced under the Armed Career Criminal Act ("ACCA") and the

1

United States Sentencing Guideline § 4B1.1 for his two prior felonies, possession with intent to distribute marijuana and escape. Petitioner was sentenced to 262 months' imprisonment (Doc. 4, 03-CR-30045-WDS). He did not appeal.

In his plea agreement, petitioner waived his right to appeal or collaterally attack his sentence. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 afford a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including any ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

(Doc. 10, Ex. A, Sec. II, ¶ 12).

In spite of the waiver, petitioner later filed a habeas motion, which the Court dismissed (Doc. 4, 05-CV-316-WDS). It was not clear whether that motion was brought under 28 U.S.C. § 2255 or § 2241. No matter which, the Court held that it was barred by the collateral-attack waiver in the plea agreement.

On October 27, 2009, petitioner filed this action seeking to be resentenced on the grounds that (1) the Supreme Court decided in *Chambers v. United States*, 555 U.S. 122, 127–30 (2009) that a failure-to-report offense does not qualify as a violent felony under the ACCA, and (2) *Chambers* renders petitioner's waiver of a right to collateral attack unenforceable.

## ANALYSIS

Title 28 of the U.S. Code, Section 2255, allows post-conviction relief for federal prisoners "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

Two preliminary matters are whether petitioner's motion was timely and whether it was an impermissible second or successive motion. First, the Government agrees the motion is timely. A motion under § 2255 must be filed within one year of an event specified under § 2255(f). One of those events is: "[T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Time begins to run from the date the right was newly recognized by the Supreme Court, not when it was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Here, petitioner relies on the Supreme Court ruling in *Chambers*, which was decided on January 13, 2009. He filed this motion less than one year later, on October 27, 2009. So it is timely.

Second, the Government does not contest petitioner's right to file this motion, even if it is second or successive. A second or successive motion under § 2255 is not permitted unless it is first certified by a panel of the court of appeals to contain either newly discovered evidence or a new rule of constitutional law. *See* § 2255(h)(1), (2). In this case, petitioner filed a habeas motion in 2005, No. 05-CV-316-WDS, but the Court did not decide whether it was a motion under § 2255 or a traditional habeas petition under § 2241. Courts must give a petitioner notice before treating a mislabeled motion as one under § 2255—to give him the opportunity to withdraw it. *Henderson v. United States*, 264 F.3d

3

709, 710 (7th Cir. 2001). If such notice was not given, "the mislabeled motion will not be deemed a section 2255 motion." *Id.* Accordingly, petitioner's prior motion is not deemed a § 2255 motion, and this one is therefore not second or successive.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997); *accord United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). Similarly, a waiver of § 2255 relief contained within a guilty plea is enforceable and treated no differently from a waiver of direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). A waiver will not be enforced, however, if the plea agreement was involuntary or the product of ineffective assistance of counsel; if the district judge relied on a constitutionally impermissible factor in sentencing (for example, the defendant's race or gender); or if the sentence exceeded the statutory maximum for the crime committed. *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997).

The Government contends that petitioner's waiver is valid. The Government refers to the terms of the waiver, which state: "[T]he Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in [18 U.S.C. § 3742] or on any ground whatever . . . " (Doc. 10, Ex. A, Sec. II, ¶ 12). Further, according to the Government, petitioner's sentence of 262 months was within the maximum penalty of life imprisonment provided in the statute of conviction, 21

U.S.C. § 841(b)(1)(A). And the Court upheld this waiver as valid in the previous habeas case (*see* Doc. 4, 05-CV-316-WDS).

The Court first notes that the terms of the waiver quoted by the Government refer to the right to a direct appeal, not to a collateral challenge: "[T]he Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction . . . ." The more relevant passage states: "The Defendant *also* waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under [§ 2255]" (emphasis added). This passage does not qualify "his sentence" at all. *Any collateral attack* is waived. Such broadly worded appeal waivers are effective. *E.g.*, *Lockwood*, 416 F.3d at 608 ("'Any reason' captures a great deal . . . so even a broadly worded appeal waiver . . . remains effective absent a contractual provision in the plea agreement stating otherwise."); *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005) (collecting cases). In any event, the Government's point is well taken because even a broadly worded waiver can be challenged if the sentence exceeds the statutory maximum. *Bownes*, 405 F.3d at 637 (citing *Feichtinger*, 105 F.3d at 1190)). But petitioner's sentence was within the maximum penalty of life imprisonment provided in the statute.

Petitioner argues extensively, and persuasively, that *Chambers* applies retroactively to his prior escape conviction, thereby excluding his § 4B1.1 career-offender enhancement so that his applicable advisory sentencing guideline range falls from 262 months to 140–175 months. He claims this puts his sentence outside the applicable sentencing guidelines provided in the plea agreement and that *Chambers* could not have been anticipated by petitioner at the time he signed the plea agreement and waiver provisions. Therefore, he asserts, his waiver was not knowing and voluntary. He suggests this is a

5

complete miscarriage of justice, is an unfair result for defendants, and may impact the public's confidence in the judiciary.

But it is the law in this circuit that an otherwise valid waiver does not become unenforceable due to later changes in the law—even if unanticipated. *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009); *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Roche*, 415 F.3d 614, 617 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). In a contract, "[b]y binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one." *Bownes*, 405 F.3d at 636. Plea agreements are a type of contract. *Id.*

In *United States v. McGraw*, the Seventh Circuit had before it the ACCA, an allegedly nonviolent felony, and an appeal waiver. The court held, "We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." 571 F.3d 624, 631 (7th Cir. 2009). The defendant had been classified as a career offender, which raised his guideline sentencing range from 92–115 months to 262–327 months. *Id.* at 630. He argued that his prior convictions for fleeing from an officer and intimidating an officer were no longer crimes of violence after *Begay v. United States*, 553 U.S. 137 (2008), a predecessor of *Chambers*. Since he could not have anticipated *Begay*, the defendant argued that his appeal waiver was not knowing and voluntary. *Id.* The court quoted *United States v. Lockwood*:

> [The defendant] knowingly and intentionally waived his right to appeal his sentence for *any reason* . . . . The fact that [the defendant], the government, and the district court failed to anticipate *Booker* or its sweeping effect on federal guidelines sentencing does not change this conclusion. There simply is nothing special about *Booker* that would preclude enforcement of an otherwise valid appeal waiver.

6

*Id.* at 631(quoting 416 F.3d 604, 608 (7th Cir. 2005)). Here, petitioner knowingly and intentionally waived his right to make "any collateral attack." His waiver is not rendered invalid by his failure to anticipate *Chambers*.

Given that petitioner waived his right to bring a § 2255 motion, it is unnecessary to reach the merits of petitioner's arguments regarding *Chambers*. *See, e.g.*, *McGraw*, 571 F.3d at 631 (declining to reach the merits).

## **CONCLUSION**

Accordingly, petitioner's motion to vacate, set aside, or correct his sentence (Doc. 1) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: August 12, 2011**

                                                **/s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**