# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SERGIO J. CRUZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **NO. 09-CV-906-WDS** |
| | ) | |
| **UNITED STATES OF AMERICA ,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

**STIEHL, District Judge:**

The Court recently dismissed petitioner Sergio J. Cruz's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 16). Now before the Court are his motions for a certificate of appealability (Doc. 18) and for leave to appeal *in forma pauperis* (Doc. 20).

Issuance of a certificate of appealability requires the district court to find that petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If granted, the certificate must indicate which specific issue or issues satisfy the showing required. § 2253(c)(3). Here, petitioner's appeal is based on the waiver provision in his plea agreement. The Court **FINDS** that petitioner has not made a substantial showing of the denial of a constitutional right, and the Court therefore declines to issue a certificate of appealability.

Regarding an appeal *in forma pauperis*, a court may authorize an appeal of any suit without prepayment of fees or security by a person who submits an affidavit that includes "a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[1] Regardless of the affidavit, however, an appeal may not be taken *in forma pauperis* if the court certifies in writing that the appeal is not being taken "in good faith." § 1915(a)(3). Further, a party who was determined to be financially unable to obtain an adequate defense in his criminal case, may proceed on appeal *in forma pauperis* unless, again, the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(3).

Here, petitioner was determined to be financially unable to obtain an adequate defense in his criminal case and was appointed counsel (*see* Doc. 48, Case No. 03-CR-30045-WDS). Therefore, the Court need only decide whether this appeal is taken in good faith.

In this context, good faith means "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *accord Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). It follows that good faith is a lower standard than that which governs the issuance of a certificate of appealability. *Walker*, 216 F.3d at 631 (the standard for issuing a certificate is "more demanding").

---

[1] The filing-fee requirements of § 1915(b), added by the Prison Litigation Reform Act of 1996, do not apply to habeas corpus appeals. *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000).

Petitioner brings three issues in his motion for certificate of appealability (Doc. 18).[2] First, he challenges the Court's finding that the waiver provision in his plea agreement preempts collateral attack. He suggests that the Government waived the issue of his collateral-attack waiver when it mistakenly quoted the section of the plea agreement that referred to direct appeal rather than collateral attack. In support, he notes that arguments not raised before the district court are waived on appeal. *Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machs. Corp.*, 547 F.3d 882, 889 n.3 (7th Cir. 2008) (internal quotation omitted). The Government did not fail to raise the argument. Petitioner's waivers of appeal and collateral attack are in the same paragraph of his plea agreement (Doc. 10, Ex. A, § II, ¶ 12), and the Government merely quoted the wrong sentence. Its reference was sufficient for the Court to address the waiver argument, as the Court did.

Second, petitioner asserts that the Court did not specifically explain to him, during his change-of-plea hearing or at sentencing, that he was giving up his right to collateral attack in the plea waiver. *See United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004) (finding that the district court erred by not addressing the defendant personally regarding his plea waiver or determining that he understood the meaning of the waiver). Petitioner's assertion is inaccurate: The Court admonished petitioner personally at his change-of-plea hearing that he was waiving his right to challenge his sentence "in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S. Code, Section 2255" (Doc. 173, 8:3–13, Case No. 03-CR-30045-WDS). Asked whether he understood the terms of his

---

[2] Petitioner mentions in passing that the issue of "miscarriage of justice" affords a basis for appeal, but he does not elaborate.

plea agreement, petitioner responded, "Yes, sir." (*id.*). Petitioner also argues that, in the

Court's Order denying his § 2255 motion, the Court should have reviewed the transcripts and

discussed whether it had admonished petitioner personally during the change-of-plea hearing.

Yet petitioner did not bring that argument in his § 2255 motion—and after the Government

raised the waiver issue, he submitted a reply and a supplemental brief, so he had at least two

chances to do so (*see* Docs. 11 & 12). The Court did not discuss it because petitioner did not

raise it. These arguments are without factual or legal foundation.

Third, petitioner objects that his collateral-attack waiver should not apply because the

sentence imposed on him was above "the maximum provided for in the statute of conviction

and the applicable guideline range based upon [his] relevant conduct," quoting this Court's

Order directing the Government to respond (Doc. 4, p. 3). The Court admits the language it

used in that Order was mistaken. The Court was attempting to construe petitioner's motion

liberally, and directed the Government to respond and address whether the collateral-attack

waiver was enforceable. In contrast to a sentence imposed in excess of the statutory maximum,

the application of the sentencing guidelines is not a reason to invalidate a waiver. *See United*

*States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997). Aside from the language in the

quoted Order, the Court has now fully addressed petitioner's argument twice. He raised it in

his habeas petition in 2005, which the Court dismissed (*see* Doc. 4, Case No. 05-CV-316-

WDS), and again in his § 2255 motion, which the Court dismissed (*see* Doc. 16). Petitioner's

only basis for raising this argument now is by pointing to the Court's mistaken language. He

does not cite any law and, more importantly, he ignores entirely the case law cited by this

Court in its orders of dismissal. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir.

2005); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997). A reasonable person might at least try to reconcile the Court's mistaken language and the cases cited as a basis for appeal. The Court does not believe petitioner makes this argument in good faith.

In summary, petitioner's motion for leave to proceed *in forma pauperis* relies on a mistake in the Government's brief, an inaccurate assertion, and a mistake in this Court's Order as the bases for his appeal, while not addressing the substantive law on which his § 2255 motion was dismissed. While good faith is not a high standard, the Court does **NOT FIND** that a reasonable person could suppose this appeal has some merit.

Accordingly, the Court **DENIES** petitioner's motions for certificate of appealability (Doc. 18) and for leave to appeal *in forma pauperis* (Doc. 20).

**IT IS SO ORDERED.**

**DATED:  October 14, 2011**

 /s/  **WILLIAM D. STIEHL**
 **DISTRICT JUDGE**

5