IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SERGIO J. CRUZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 09-CV-906-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

**STIEHL, District Judge:**

The Court dismissed petitioner Sergio J. Cruz's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, on August 12, 2011, because he had waived the right to bring such a motion in his plea agreement (Doc. 16). Petitioner appealed that decision, but the appeal was dismissed for his failure to comply with Circuit Rule 3(c) (Doc. 27). Now before the Court is petitioner's "writ of deliverance from federal prison" (Doc. 28).

Petitioner's original § 2255 motion in this case sought resentencing on the grounds that (1) the Supreme Court held in *Chambers v. United States*, 555 U.S. 122 (2009) that a failure-to-report offense is not a violent felony under the Armed Career Criminal Act, and (2) *Chambers* renders petitioner's waiver of a right to collateral attack unenforceable. However, this Court held that petitioner's waiver was enforceable, *see, e.g.*, *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009), and denied his motion (Doc. 16). Now, in the new motion, petitioner seeks re-sentencing in light of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), which held that *Chambers* applies retroactively. He believes that *Narvaez* supports his original § 2255 motion and that he is entitled to relief because his sentence exceeds that permitted by law. Specifically, he believes he no longer qualifies as a career offender, *see* U.S.S.G. § 4B1.1, which would lower his sentence from 262 months to 140–175 months. And he objects to the Government's argument

that the waiver in his plea agreement is binding. Thus petitioner's current motion is substantially similar to the original § 2255 motion in that it relies on *Chambers*, though this time he adds two additional cases, *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) and *Freeman v. United States*, 131 S.Ct. 2685 (2011).

Petitioner does not say which rule or statute he is relying on in this motion (or "writ"), although that does not matter; it is the substance of the motion that controls. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). He filed his motion in December 2011, several months after judgment was entered in this case. Generally, any postjudgment motion filed more than 28 days after judgment is considered a motion under Rule 60(b). *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir. 2012); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001); *see* Fed. R. Civ. P. 59(e). But in the context of a collateral attack under 28 U.S.C. § 2255, a Rule 60(b) motion must sometimes be considered a second or successive § 2255 motion, which the district court does not have jurisdiction to consider. *Curry*, 507 F.3d at 604–05; § 2255(h) (a second or successive motion must be certified by the court of appeals).

The Supreme Court has explained that a motion advancing a new ground for relief, or attacking the court's previous resolution of a claim on the merits, is a second or successive § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also Curry*, 507 F.3d at 605. That analysis would include a motion arguing that a subsequent change in substantive law justifies relief from the previous denial of a claim. *Gonzalez*, 545 U.S. at 531 (citing *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002)). On the other hand, a motion attacking "some defect in the integrity of the federal habeas proceedings" such as the application of the federal statute of limitations, is not a second or successive § 2255 motion and may be addressed under Rule 60(b). *Id.* at 532–33; *Freeman v. Chandler*, 645 F.3d 863, 867 (7th Cir. 2011) (district court's decision that petitioner had waived an argument was proper subject of a Rule 60(b) motion).

Here, petitioner suggests that *Narvaez* supports his original § 2255 motion and that his current sentence exceeds that permitted by law. He also suggests that the waiver in his plea agreement should not be binding, citing *Freeman*. While petitioner raises additional case law, his claim is the same as the one in his previous § 2255 motion—that he no longer qualifies as a career offender according to *Chambers* and should be resentenced. Since that argument attacks the Court's previous resolution of a claim on the merits, this motion is a second or successive § 2255 motion. The Court does not have jurisdiction to entertain it without certification from the Seventh Circuit. Petitioner's writ of deliverance from federal prison (Doc. 28) is therefore **DENIED**.

Should petitioner appeal the Court's ruling, he must first secure a certificate of appealability from either this Court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even for an appeal from the dismissal of an unauthorized second or successive motion. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Under 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which means "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Since petitioner merely raises additional case law in support of his previous motion, which was denied and which petitioner has already appealed, the Court finds no basis for believing that reasonable jurists would find the Court's assessment of any constitutional claims debatable or wrong. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability will **NOT** be issued. Petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

**IT IS SO ORDERED.**

**DATED: <u>November 16, 2012</u>**

                                                **/s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**